UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JENNIFER LEE | CIVIL ACTION NO. 19-424 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| OUTBACK STEAKHOUSE OF FLORIDA LLC | MAGISTRATE JUDGE HORNSBY |

### Memorandum Ruling

Before the Court is Plaintiff's partial motion for summary judgment seeking an adverse presumption against Defendant for spoliation of evidence. [Record Document 15]. Defendant opposed the motion, raising an evidentiary objection, and Plaintiff replied. Record Documents 20 and 23. For the reasons stated herein, Defendant's evidentiary objection is **OVERRULED**, and Plaintiff's partial motion for summary judgment is **DENIED**.

### I. Background

Plaintiff, Jennifer Lee ("Lee"), fell and sustained injuries at an Outback Steakhouse located in Shreveport, Louisiana on January 28, 2018. The fall occurred in the waiting area of the restaurant, at least partially in view of a camera located behind the host stand.[1] The day of the fall, a manager created an incident report. Record Document 15-5. This report instructed that the restaurant should "provide any type of evidence (photos, witness

---

[1] Defendant disputes whether the camera was positioned in such a way that it would have captured the ground where Lee allegedly slipped. Record Document 20-1 at 2.

1

statements, etc.) to the adjuster and retain any equipment or materials involved." *Id.* at 1.

On February 6, 2018, Lee retained The Law Office of Ronald J. Miciotto ("Miciotto firm") to represent her. Record Document 23-1 at 1. The next day, the Miciotto firm sent a letter to Defendant ("Outback") via certified mail stating that Lee was injured in an incident on January 28, 2018. Record Documents 23-1 at 1 and 23-2. The letter informed Outback that Lee intended "to make a claim against [Outback's] insurance for injuries sustained therein." Record Document 23-2. It requested that Outback "preserve any evidence such as video and or reports that you may have on this incident." *Id.* United States Postal Service documentation shows that a manager signed for delivery of the letter on February 8, 2018. *Id.* According to Outback, the manager never opened the letter and did not deliver it to the proprietor of the restaurant, Dustin York ("York"), as York required of his employees. Record Document 20-1 at 2. York states that he was not made aware of the letter until June 10, 2019. *Id.*

Outback engaged Gallagher Basset to handle Lee's claim. In August 2018, a lawyer with the Miciotto firm corresponded with a representative from Gallagher Basset regarding video footage of the incident. Record Document 23-1 at 2. The representative stated that he could not "confirm or deny if this incident was captured by this camera as the camera only retains footage for 2-3 moths [sic] and would have been overwritten by the time your preservation of evidence/representation letter was sent and dated 6/1/18." Record Document 23-3.

York asserts that on the day of the incident, the camera behind the host stand was not operational and, therefore, no footage of the incident ever existed.[2] Record Document 20-1. Even if it had been operational, he says, his Outback Steakhouse location had a policy of retaining footage for sixty days. *Id.* at 2. Thus, any footage would have been overwritten before York knew Lee intended to bring suit because he never saw the letter sent eleven days after the incident requesting that he preserve any evidence. *Id.*

Lee, believing the footage existed and that Outback willfully failed to preserve it, filed the instant motion for partial summary judgment seeking an adverse presumption "that the video evidence was detrimental to Outback." Record Document 15 at 3.

## II. Law and Analysis

### A. Defendant's Evidentiary Objection

In support of her partial motion for summary judgment, Lee submitted what she claimed to be an email between the Miciotto firm and a representative of Gallagher Basset. Record Document 15-7. In the email, the Gallagher Basset representative replied to several questions posed by the Miciotto firm and said that he could not confirm or deny the existence of video footage because by the time the firm requested it in June 2018, the footage would have already been overwritten pursuant to Outback's video retention practices. *Id.*

---

[2] While York's affidavit submitted in connection with the instant motion for summary judgment unequivocally states that the cameras were not operational on January 28, 2018, Outback's earlier answer to interrogatories states that York was expected to testify that he was unsure of whether or not the camera in question was operational on January 28, 2018. Record Document 23-4 at 2.

Outback objects to the Court's consideration of this evidence for several reasons. First, the email is an unsworn, unverified correspondence that cannot properly be considered under Federal Rule of Civil Procedure 56(c) and is not properly authenticated under Federal Rule of Evidence 901(a). Record Document 20 at 4. Second, the email cannot qualify as an admissible affidavit or declaration under Federal Rule of Civil Procedure 56(c)(4) because the email is not based on personal knowledge and does not show that the declarant is competent to testify on the matters stated. *Id.* at 5. Finally, the statements contained in the email are inadmissible hearsay. *Id.* at 5-6.

In response to Outback's objections, Lee submitted a sworn affidavit from the Miciotto firm lawyer who exchanged the emails with the Gallagher Basset representative. The lawyer attested that the Gallagher Basset representative told him that he could not confirm or deny the existence of video footage because it would have already been overwritten by the time of the request and, further, stated that the email exchange attached to the affidavit was a true and correct copy of the email correspondence. Record Documents 23-1 at 2-3 and 23-3. Lee asserts that this affidavit remedies all of Outback's objections. Record Document 23 at 1.

Federal Rule of Civil Procedure 56 allows a party to object to a court's consideration of any evidence submitted to support a motion for summary judgment that "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Under Federal Rule of Evidence 801, hearsay statements are those statements which are offered "in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2). A statement is not hearsay, however, if the statement is offered against an

opposing party and "was made by the party in an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A). The general authentication requirement is governed by Federal Rule of Evidence 901. As stated in this rule, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901.

Lee is correct that the affidavit stating that the email is a true and correct copy of the correspondence between the Miciotto firm lawyer and the Gallagher Basset representative serves to authenticate the email. Outback's argument that the representative's statement must be excluded as hearsay fails because it is a statement of a party-opponent. While Outback denies that the representative had knowledge regarding Outback's video retention policies, it does not deny that Gallagher Basset was authorized to engage with the Miciotto firm regarding Lee's insurance claim, nor does it dispute that Gallagher Bassett was authorized to make statements on Outback's behalf. Thus, the representative's statement was made while acting in a representative capacity for Outback and is a non-hearsay statement of a party-opponent. Outback's objection is therefore **OVERRULED**.

### B. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled

to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the nonmovant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings" and "designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so "weak or tenuous" that it could not support a judgment in the nonmovant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's

statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

### C. Spoliation of Evidence

Spoliation is the "destruction or the significant and meaningful alteration of evidence." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (quoting *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010)). In diversity cases, the Fifth Circuit has instructed district courts to apply federal spoliation law, which assigns the burden of proof to the party alleging spoliation. *Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 203 (5th Cir. 2005); *Terral v. Ducote*, No. CV 15-2366, 2016 WL 5017328, at *3 (W.D. La. Sept. 19, 2016) (citing *Dixon v. Greyhound Lines, Inc.*, No. CIV.A. 13-179-JWD, 2014 WL 6087226, at *3 (M.D. La. Nov. 13, 2014)).

The proponent of a spoliation theory must demonstrate: (1) a duty to preserve the evidence as a result of pending or reasonably anticipated litigation, (2) the destruction of the evidence, (3) the intentionality of that destruction, (4) the relevance of the destroyed evidence, and (5) prejudice resulting from the unavailability of the destroyed evidence. *In re Actos (Pioglitazone) Prods. Liab. Litig.*, No. 6:11-MD-2299, 2014 WL 2921653, at *23 (W.D. La. June 23, 2014). A district court may sanction a spoliator, although severe sanctions such as an adverse inference instruction require proof of the spoliator's bad faith. *Guzman*, 804 F.3d at 713 (citing *Condrey*, 431 F.3d at 203). "'[M]ere negligence is not enough' to warrant an instruction on spoliation." *Russell v. Univ. of Tex. of Permian Basin,* 234 F. App'x 195, 208 (5th Cir. 2007) (quoting *Vick v. Tex. Employ't Comm'n,* 514 F.2d 734, 737 (5th Cir. 1975)).

In this case, Lee argues that she has met her burden by presenting evidence that eleven days after the incident, the Miciotto firm sent a letter to Outback via certified mail informing it that litigation was likely and requesting that it preserve evidence. Then, instead of preserving the video, Outback allegedly allowed the video to be overwritten per its normal practice. Outback argues that Plaintiff cannot satisfy any of the elements of her claim. Outback asserts that the video camera at issue was broken at the time of the incident and, therefore, no video of the incident ever existed. Further, Outback argues that even if footage did exist, it had no actual knowledge that litigation was likely to occur because the employee who accepted the certified letter eleven days after the incident never opened it or delivered it to the restaurant's proprietor. Thus, even if the video existed and was overwritten, it was not done intentionally. Finally, Outback argues that Lee cannot demonstrate that the video is relevant because when functioning, the camera is placed at such an angle that the floor where Lee allegedly slipped on paper would not be visible on camera.

Assuming arguendo that Outback had a duty to preserve the footage and that Outback failed to do so, Lee is still not entitled to an adverse presumption regarding the contents of the video because Lee has not met her burden of showing that Outback acted in bad faith. "Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence." *Guzman*, 804 F.3d at 713. As a general rule, courts "do not draw an inference of bad faith when documents are destroyed under a routine policy." *Russell*, 234 F. App'x at 208. This is especially true when a plaintiff provides no evidence that anyone reviewed the footage beforehand. *Schreane v. Beemon*, 575 F. App'x

486, 490–91 (5th Cir. 2014) (citing *Bracey v. Grondin*, 712 F.3d 1012, 1015, 1019–20 (7th Cir. 2013)). A lack of knowledge of the contents of a video reduces the likelihood that it was destroyed for the "purpose of hiding adverse evidence." *Guzman*, 804 F.3d at 713. Courts also do not "automatically draw an inference of bad faith simply because documents are destroyed after the initiation of litigation," although this can strengthen a spoliation argument. *Russell*, 234 F. App'x at 208 (citing *Vick*, 514 F.2d at 737).

Here, Lee has presented evidence that eleven days after the fall, a restaurant manager accepted a letter that requested Outback preserve evidence related to her fall, which should have put Outback on notice that a lawsuit was possible. Despite this, Outback failed to take any actions to preserve video footage from that day. Absent, though, is evidence that this footage ever existed. To prove the video existed, Lee points to the Gallagher Basset representative's statement that he could "not confirm or deny if this incident was captured by this camera" because it would have been deleted by the time the Miciotto firm asked Gallagher Basset about it in June 2018. However, this is unpersuasive because the representative clearly stated that he cannot confirm or deny that the footage ever even existed.  Lee has also not presented evidence that Outback reviewed the footage or believed the footage would be adverse to its interests, that Outback directed anyone to ignore the request to preserve evidence, or that Outback acted in a manner designed to hide the evidence. At most, Lee has presented evidence that Outback was negligent, which does not warrant an adverse inference. *Russell*, 234 F. App'x at 208. Therefore, Lee's motion for partial summary judgment is **DENIED**.

### III. Conclusion

For the aforementioned reasons, Plaintiff's partial motion for summary judgment seeking an adverse presumption against Defendant for spoliation of evidence [Record Document 15] is **DENIED**.

**THUS DONE AND SIGNED** this 24thday of September, 2020.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE